FILED IN DISTRICT COURT
McClain County, Oklahoma

FEB 01 2017

Kristel Gray, Court Clerk

by _____ , Deputy

## IN THE DISTRICT COURT OF MCCLAIN COUNTY
## STATE OF OKLAHOMA

MARY RAYLEAN DESELLIER,                )
                                       )
                                       )
              Plaintiff,               )
                                       )
vs.                                    )   Case No. CJ-17-18
                                       )
(1)  THE   CITY   OF   PURCELL,        )
OKLAHOMA, a municipality; and          )
(2) DALE BUNN, an individual,          )
                                       )
              Defendants.              )

### PETITION

COMES NOW the Plaintiff, Mary Raylean DeSellier ("Plaintiff" or "DeSellier"), and for

her Petition against the Defendants, the City of Purcell, Oklahoma ("Defendant City" or "City")

and Dale Bunn ("Defendant Bunn" or "Bunn") (collectively referred to herein as "Defendants"),

alleges and states as follows:

### THE PARTIES

1.      At all times mentioned herein, Plaintiff was a resident of Cleveland County,

Oklahoma and was employed with the Defendant City in Purcell, Oklahoma located in McClain

County, Oklahoma.

2.      Defendant City of Purcell is an Oklahoma municipality with its principal place of

business in the Purcell, McClain County, Oklahoma.

3.      Defendant Bunn is a resident of Purcell, McClain County, Oklahoma, and is

employed as City Manager for the Defendant City of Purcell.

EXHIBIT

2

## JURISDICTION AND VENUE

4.     This suit relates to claims by the Plaintiff seeking redress for unlawful employment discrimination because of her gender, hostile work environment, sexual harassment, and retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and Oklahoma's Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1101 *et. seq.*, as well as claims for unlawful interference with her employment and prospective economic advantage.   All relevant acts complained of herein occurred in this County.   This Court has jurisdiction over this dispute and venue is proper.

## CONDITIONS PRECEDENT

5.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 2, 2015.  Plaintiff filed an Amended Charge of Discrimination on or about September 27, 2016.  Plaintiff was issued a notice of right to sue letter from the EEOC on November 9, 2016 and this Petition is being filed within ninety (90) days of Plaintiff's receipt of such notice.[1]

6.     Plaintiff has exhausted her administrative remedies under the law.

## GENERAL ALLEGATIONS

7.     Plaintiff is a female who began her employment with the Defendant City of Purcell in January 2010 as a 9-1-1 dispatcher.  In or about November 2013, Plaintiff moved to the position of Deputy Court Clerk.  In May 2015, Plaintiff was promoted to the position of Court Clerk.  Plaintiff was qualified to perform her job duties and performed her duties as

---

[1] Plaintiff was subsequently terminated from her employment from the City on or about November 22, 2016, approximately 13 days following receipt of her right to sue letter.  Plaintiff is contemporaneously herewith filing another Charge of Discrimination regarding her termination of employment and will amend this Petition to include claims for her wrongful termination upon receipt of a subsequent right to sue letter.

2

Deputy Court Clerk and Court Clerk in an above satisfactory manner at all relevant times while she was employed by the Defendant.

8.      Prior to July 2015, Plaintiff worked closely with City Manager Dale Bunn on several matters relating to her position with the City.  Bunn acted to groom Plaintiff into starting a romantic relationship with Bunn.  As City Manager, Bunn had Plaintiff perform many personal assignments for him and gave many high job responsibilities to the Plaintiff, including many items outside the scope of Plaintiff's position as Deputy Court Clerk and Court Clerk.  Bunn promised Plaintiff that the City would pay for Plaintiff's college tuition and informed the Plaintiff that his plan for the future was for Plaintiff to eventually take the position of City Clerk with the Defendant City of Purcell.

9.      During this time, Bunn began engaging in unwelcome behavior at the workplace that suggested that he desired to have a romantic personal relationship with the Plaintiff.  On one occasion in May 2014, Bunn made an unwelcome sexual advance on the Plaintiff which she reported to Nancy Whitsett, Dispatch Supervisor, and Bobby Elmore, Captain of Police.  It was not officially reported by Elmore and there was never any investigation into Bunn's actions.

10.      Then, on or about July 2, 2015, Plaintiff was subjected to unwanted physical advances by Bunn, including Bunn grabbing Plaintiff's face, pulling Plaintiff to him, and kissing Plaintiff on the lips.  Plaintiff objected to these advances and reported the incident and prior actions of Bunn to Nancy Whitsett, Dispatch Supervisor, Bobby Elmore, Captain of Police, and Kyle Glasgow, Police Department Liason.

11.      It was clear that Bunn's actions over the course of more than 2 years of trying to build a close relationship with the Plaintiff, giving her important job assignments, promoting the Plaintiff, and promising her tuition payment and future promotions were part of Bunn's plan to

3

groom the Plaintiff and forge a romantic and sexual relationship with Plaintiff. Bunn's actions toward Plaintiff were hostile, unwelcome, and unlawful acts done to Plaintiff as a female, were motivated by Plaintiff's gender, and were evident of his disrespectful attitude and treatment of women in Defendant's workplace. Following the July 2, 2015 incident, Bunn admitted in recorded phone calls that he, "he was just having fun with someone he thought was a 'special friend,'" "thought that was sort of the fun of it though in a way" (referring to other employees being right down the hall), and "I get a kick out of it because of it being risqué or whatever."

12.     Plaintiff complained to multiple supervisors, including Bobby Elmore and Kyle Glasgow about Bunn's unwelcome, retaliatory, and sexual conduct. Following these reports by the Plaintiff, Bunn immediately began treating Plaintiff in a very different manner and was angry and retaliatory in response to Plaintiff's complaints of unwanted sexual harassment.

13.     Prior to her complaints of sexual harassment and assault by City Manager Bunn in or about July 2015, all of Plaintiff's performance evaluations were positive and Plaintiff had never received any disciplinary measures or warnings prior to her complaints of Bunn's unlawful and unwelcome advances of a sexual nature. In fact, in May 2015, Plaintiff received a raise of $3/hour and was promoted the position of Court Clerk, just 2 months before an assault by Bunn and her complaints of Bunn's sexual harassment.

14.     The City failed to even investigate the incident with Bunn and the Plaintiff and the City further failed to protect Plaintiff from harassment and retaliation after engaging in protected activity. In fact, from the time Plaintiff formally complained of Bunn's actions in July 2015, Plaintiff was retaliated against in many forms, including, but not limited to the following:

-       Bunn removed funds from Plaintiff's hiring budget as previously expressed to Plaintiff;

4

- Bunn renounced his promise to have Plaintiff's tuition paid for by the City. When asked if the tuition promise and eventual move to City Clerk was still an option following her rejection and formal complaints, Bunn responded "it's not going to happen." When asked specifically just about the tuition promise, Bunn responded, "you'll have to do it on your own time" and "it might interfere with your social life.";

- Plaintiff was given job duties previously done by other departments prior to her complaints about Bunn in an effort to overload the Plaintiff with work and make her look bad;

- Loss of benefits and accumulated sick and vacation days;

- Bunn refused to allow Plaintiff to work overtime after the assault and Chief Williams would not sign her time sheet. Prior to the assault and complaints, Plaintiff never needed permission if she had to work overtime and never needed permission prior to submitting purchase orders;

- Plaintiff was forced to cancel scheduled training for her position;

- Plaintiff was suspended without pay for 3 days in December 2015 for pretextual reasons;

- Plaintiff was placed on a permanent paid suspension on February 25, 2016, for an alleged "investigation" into Plaintiff's background to in an unlawful attempt to find justification as a pretext for terminating Plaintiff's employment;

- Plaintiff was placed on such suspension for approximately 9 months while at the same time the City ignored a domestic violence incident by Police Chief Kevin Williams, a male, with his female spouse. Williams was never suspended or disciplined like the Plaintiff;

- Plaintiff was placed on such suspension for approximately 9 months while at the same time the City ignored an incident with Glasgow (male), including retaining and not even

5

suspending Glasgow following an incident where Glasgow was investigated by OSBI in or around October 2016;

15.     From the time of her protected activity, Plaintiff continued to perform her job in an above satisfactory level as she had previously done.   Nevertheless, in February 2016, Defendants informed the Plaintiff that she would be placed on administrative leave to investigate certain matters that occurred and arose prior to her complaints of sexual harassment by Bunn. Defendants placed Plaintiff on such disciplinary leave in retaliation for her protected activity and were in violation of the law.

16.     Defendants' actions following Plaintiff's protected activity of complaining of sexual harassment by the City Manager, were blatant violations of the Defendant City's own policies and were simply retaliatory actions for Plaintiff reporting Bunn's unlawful and discriminatory conduct.

17.     The reasons given for Plaintiff's suspensions and other retaliatory acts were pretextual for unlawful retaliation for Plaintiff's participation in protected activity, and constituted unlawful discrimination based on gender in violation of Plaintiff's rights.   Plaintiff was discriminated against and harassed based on her gender and then retaliated against for making proper complaints of illegal conduct and participating in protected activity.

**COUNT I – Title VII and OADA Gender Discrimination and Harassment**

18.     Plaintiff restates and incorporates the allegations of the Petition outlined herein.

19.     Plaintiff was well qualified for her position as a Court Clerk as shown by her experience, performance evaluations, and salary raises.

20.     Plaintiff's gender was a significant factor in the incidents that occurred with Bunn that was the subject of Plaintiff's complaints about sexual harassment as well as the retaliatory

6

actions toward the Plaintiff following her complaints. Defendant did not have a legitimate, non-discriminatory reason for disciplining the Plaintiff or suspending the Plaintiff or taking the other retaliatory measures against the Plaintiff or for Bunn's treatment of Plaintiff. Such treatment and retaliatory conduct after Plaintiff engaged in protected activity constituted unlawful gender discrimination.

21. Defendant's purported reasons for taking the adverse employment actions against the Plaintiff as outlined herein were a pretext for unlawful discrimination and a sham, and there was no legitimate, good faith basis or reason for such adverse employment actions.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost income, past and future, emotional distress and mental anguish, injury to her reputation, humiliation, embarrassment and loss of enjoyment of life, and other compensatory damages.

23. Because the actions of the Defendant were intentional, willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages under all applicable laws.

### COUNT II - Retaliation

24. Plaintiff restates and incorporates the allegations of the Petition outlined herein.

25. Defendant engaged in unlawful retaliation as set forth herein following Plaintiff's protected activity under the law.

26. Plaintiff engaged in protected Title VII and OADA activity when she reported the discriminatory, unwelcome, or unlawful conduct of Bunn.

7

27.     Plaintiff suffered several adverse employment actions from July 2015 and continuing with her 9 month disciplinary suspension that was issued in February 2016 as a result of engaging in protected Title VII and OADA activity.

28.     Defendant did not have a legitimate, good faith reason to engage in such adverse employment actions and Plaintiff's engagement in a protected Title VII and OADA activity was a significant factor in those adverse employment decisions.

29.     Defendant's purported reasons for engaging in such adverse employment actions were pretext for unlawful retaliation for Plaintiff's protected Title VII and OADA activity.

30.     As a direct and proximate result of Defendant's retaliatory and discriminatory actions, Plaintiff has incurred and continues to incur damages, including but not limited to, lost income, past and future, emotional distress and mental anguish, injury to her reputation, humiliation, embarrassment and loss of enjoyment of life, and other compensatory damages.

31.     Because the actions of the Defendant were intentional, willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages under all applicable laws.

### COUNT III – Unlawful and Intentional Interference with Employment and Future Economic Advantage
### (Against Defendant Bunn individually)

32.     Plaintiff restates and incorporates the allegations of the Petition outlined herein.

33.     By engaging in the above actions alleged in this Petition and by contributing to the termination of Plaintiff's employment, Defendant Bunn engaged in unlawful, intentional, and malicious acts to improperly interfere with Plaintiff's employment relationship with Defendant City and future economic advantage.   Such actions were neither justified, privileged, nor excusable.

8

34.     By engaging in the above actions alleged in this Petition, Defendant Bunn acted in bad faith and contrary to the interests of Defendant City in unlawfully and tortuously interfering with the employment of Plaintiff.  In so doing, Defendant Bunn stepped outside of his official capacity as a management employee of Defendant City, and assumed the role of an independent third party vis-à-vis the employment relationship between Plaintiff and Defendant City, thereby exposing himself to individual liability pursuant to *Fulton v. People Lease Corp.*, 2010 OK CIV APP 84, ¶ 38 (citing *Marten v. Johnson*, 1998 OK 127, ¶ 32).

35.     As a direct and proximate result of Defendant Bunn's actions, Plaintiff has suffered actual and consequential damages including lost wages, benefits, and other damages. Defendant Bunn's actions were intentional, reckless, and wanton such as to entitle Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.     Actual and compensatory damages, and any other remedy, in amounts to be proven at trial but in excess of $75,000.00;

B.     For interest on such damages;

C.     For costs and attorney fees;

D.     Punitive damages Defendants' intentional, reckless and/or wanton discrimination and retaliatory conduct;

E.     For such other relief as this Court deems appropriate or allowed by law.

Respectfully submitted,

Blake Sonne, OBA# 20341
SONNE LAW FIRM, PLC
P.O. Box 667
Norman, Oklahoma 73070
(405) 664-2919
(405) 872-8897 (fax)

AND

Amber Hurst, OBA #21231
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, OK 73102
(405) 235-6100
(405) 235-6111 (fax)
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

10